# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, JOHNSON, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JASON L. WALZ**
**United States Army, Appellant**

ARMY 20100934

Headquarters, Fort Drum
Andrew Glass, Military Judge
Colonel Michael O. Lacey, Staff Judge Advocate (pretrial)
Lieutenant Colonel Robert L. Manley, III, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain A. Jason Nef, JA (on brief).

For Appellee:  Major Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Daniel D. Maurer, JA (on brief).

14 September 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before the court for review under Article 66, UCMJ.  We have considered the record of trial, appellant's assignment of error, the government's answer, and the matters appellant personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  Though we do not find any actual prejudice to appellant, we agree with appellant that the unexplained and excessive post-trial delay in the processing of this case warrants relief.

Here, appellant ultimately pled guilty to The Charge and its Specification resulting in a record of trial transcript 344 pages in length. Time between sentence and action in this case was 197 days. Neither the convening authority nor the staff judge advocate offered any explanation for the post-trial delay in this case, either initially or in response to appellant's complaint of excessive post-trial delay contained in his Rule for Courts-Martial [hereinafter R.C.M.] 1105 submission. Even if we exclude 30 days of the delay for the time period appellant prepared his R.C.M. 1105 matters and attribute only 167 days of unexplained delay to the convening authority, the length of delay without explanation, let alone justification, warrants relief under the particular circumstances of this case. Article 66(c), UCMJ. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) (creating a 120-day presumption of unreasonable delay). *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). Reviewing the entire record of trial, and in light of the government's failure to provide reasons for excessive post-trial delay, along with the particular circumstances of this case, we find a reduction of one month in the sentence to confinement appropriate.

Therefore, on consideration of the entire record and the assigned error, the findings of guilty are affirmed. However, we believe that only seventeen months of confinement should be approved in this case for the foregoing reasons. Therefore, the court approves only so much of the sentence as provides for a dishonorable discharge, confinement for seventeen months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court