# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JUSTIN A. PEAVY**
**United States Army, Appellant**

ARMY 20110884

Headquarters, Eighth Army
Colonel T. Mark Kulish, Military Judge
Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA (on brief).

24 January 2013

---------------------------------------
SUMMARY DISPOSITION
---------------------------------------

YOB, Senior Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of violation of a lawful general regulation by wrongfully possessing an intoxicating substance known as spice, one specification of wrongfully introducing spice onto an installation of the armed forces, and five specifications of wrongfully distributing spice to fellow soldiers, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 (2006) [hereinafter UCMJ].  The military judge entered findings of not guilty to another specification of violation of a lawful general regulation by wrongfully possessing spice, a specification of wrongfully conspiring with another to distribute spice, and ten specifications of wrongfully distributing spice or possessing spice with the intent to distribute it.  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for ninety days, and reduction to the grade of E-1.

This case is before this court for review under Article 66, UCMJ. We have considered the record of trial and matters submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).[1]

Pursuant to *Grostefon*, appellant requests sentencing relief for unreasonable delay in the post-trial processing of his case by the government. We find this request to be reasonable under the circumstances as set forth below.[2] Under post-trial processing standards articulated by our superior court in *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), we apply a presumption of unreasonable government delay in cases where action by the convening authority is not taken within 120 days of the completion of trial, and in situations where the record of trial is not docketed at this court within 30 days of convening authority action. In appellant's case, the government failed to meet either of these timelines. This included a delay of 159 days (after excluding 84 days of delay attributable to appellant) from completion of appellant's trial until convening authority action. In addition, it took the government 151 days after the convening authority action to docket the case with this court.

Appellant does not assert prejudice as a result of this delay but, even absent actual prejudice, this court is responsible to review the appropriateness of a sentence in light of presumptively excessive and unexplained delay in post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010).

The only explanations for the unreasonable delay contained in the record of trial are a memorandum signed by the post-trial non-commissioned officer assigned to the Office of the Staff Judge Advocate for Headquarters, Eighth Army, and information entered onto the court-martial chronology sheet. Both documents attribute the unreasonable delay from completion of appellant's trial until convening authority action to "a low number of court reporters" and note that it took 125 days to transcribe the record.[3] The documents contain no information about the number of court reporters who were available to the command during this time period, or any

---

[1] Appellant raised no assigned errors in this case.

[2] We find the other matters raised by appellant pursuant to *Grostefon* to be without merit.

[3] We note that this case involved a guilty plea with no contested issues, and that the completed transcript of the court proceedings was a mere 127 pages in length.

specific description of the contemporaneous workload that took the available court-reporters away from their duty to produce a timely record of trial. The record is also devoid of any explanation as to why it took nearly five months after action to docket the case at this court.

Reviewing the entire record of trial, and in light of the government's failure to meet its obligation to provide adequate reasons for excessive post-trial delay, along with the particular circumstances of this case, we find a reduction of forty-five days in the sentence to confinement to be appropriate. On consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find the findings of guilty correct in law and fact. Accordingly, the findings of guilty are affirmed. We find the sentence as approved by the convening authority inappropriate, and the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for forty-five days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3