# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Specialist EMILY W. BUSCH**
**United States Army, Appellant**

ARMY 20100977

Headquarters, III Corps and Fort Hood
Jacqueline Emanuel, Military Judge
Colonel Phillip N. Foster, Staff Judge Advocate (pretrial)
Colonel Stuart W. Risch, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on brief).

For Appellee: Major Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Daniel D. Maurer, JA (on brief).

27 March 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial, convicted appellant, pursuant to her plea, of aggravated assault by a means likely to inflict grievous bodily harm in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant alleges that the post-trial processing of her case was unreasonable and prejudicial. We have considered the entire record, including those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Though we do not find any actual prejudice to the appellant, we agree with appellant that the excessive post-trial delay in the processing of this case warrants relief.

BUSCH — ARMY 20100977

The parties dispute both the nature and length of the post-trial delay. Appellant contends that the government took 317 days to process her 158 page record of trial. Appellant also notes that she complained about the delay when she submitted her Rule for Courts-Martial (R.C.M.) 1105 matters to the convening authority. The government, on the other hand, calculates 262 days between sentencing and action by the convening authority. Further, the government has submitted two affidavits from the staff judge advocate and the senior court reporter to explain the post-trial delay. In sum, these affidavits state that appellant's post-trial delay was primarily due to personnel shortages and high caseload. Taking into consideration all delay attributable to the defense, the time from sentence to action attributable to the government is certainly more than 250 days.

Claims of unreasonable post-trial delay are reviewed de novo. *United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2012) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006)). Though we find no prejudice as a result of the excessive delay, the court must still review the appropriateness of the sentence in light of unjustified dilatory post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). We appreciate the government offering an explanation for the delay by way of affidavits; however under the circumstances of this case, where no such explanation was offered at the time of action, where appellant complained of such delay in her post-trial submission, where appellant enjoyed no benefit such as deferral or waiver of automatic forfeitures, and where the government attestations do not justify taking more than 250 days to process a 158 page record of a special court-martial ultimately involving one charge and one specification of no great complication, relief is warranted. *See Moreno*, 63 M.J. at 137; *Tardif*, 57 M.J. at 224.

The findings of guilty are AFFIRMED. After considering the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for nine months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of her sentence set aside by the decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

KENNETH J. TOZZI
COL, JA
Acting Clerk of Court

2