# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JAMES B. GIBSON**
**United States Army, Appellant**

ARMY 20120032

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate (pretrial)
Colonel Edward K. Lawson IV, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Patricia A. Ham, JA; Captain Robert A. Feldmeier, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

24 June 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Yob, Senior Judge:

A military judge, sitting as a general court-martial, convicted appellant pursuant to his pleas, of two specifications of wrongful distribution of controlled substances in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for two years.  After announcing the sentence, the military judge made a clemency recommendation that any pay appellant was to forfeit by operation of law should instead be directed to benefit appellant's daughter for the maximum period authorized.  The convening authority approved the sentence as adjudged and waived the automatic forfeiture of all appellant's pay and allowances that would have been required by Article 58b, UCMJ, for a period of six months, with direction that these funds be paid to appellant's wife.

This case is before the court for review under Article 66, UCMJ. We have considered the record of trial and written briefs of the parties in which appellant raises one assignment of error, alleging unreasonable post-trial processing delay warranting sentence relief. We agree with appellant for the reasons set forth below. We have also considered the matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find it to be without merit.

The government concedes it took 234 days,[1] to complete post-trial processing of appellant's record of trial, from sentence to action by the convening authority. Our superior court, in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), established a post-trial processing standards of 120 days for the government to complete this part of post-trial processing. After *Moreno*, a delay in excess of this standard results in a presumption of unreasonable post-trial delay. Whether the post-trial processing rises to the level of a due process violation, however, hinges on application and analysis of the four factors articulated in *Barker v. Wingo*, 407 U.S. 514 (1972). These factors are: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice," with no one factor being dispositive. *Moreno,* 63 M.J. at 135–36.

Application of the first three factors to this case clearly support a conclusion there was a due process violation. The length of delay was significant, as it was almost double the presumed standard. This case involved a guilty plea to two specifications and included no unusually complicating factors that would complicate completion of the record in a timely manner. The transcript of proceeding was ninety-four pages in length. The government's explanation, offered in a one-page affidavit from the Fort Bliss post-trial paralegal specialist, appears to attribute the delay to personnel shortages, the fact that the legal office was also completing the post-trial processing of several other cases at the same time, and fact that the paralegal was on leave for a two-week period during this processing. In the context of this case, we find these explanations unpersuasive. *Moreno* 63 M.J. at 137. The government admits appellant asserted his right to timely review at day 139 of processing and again raised speedy post-trial processing in his submissions made pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 at day 225 of processing.[2]

---

[1] This figure excludes the eleven days defense took from receipt of the staff judge advocate recommendation until submitting matters pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 for convening authority consideration.

[2] We note that appellant did not elect to request an additional twenty days to submit matters to the convening authority as permitted under R.C.M 1105. We view this as further evidence of appellant's desire for expeditious completion of the post-trial processing of his case.

GIBSON — ARMY 20120032

In assessing the fourth factor of prejudice, the *Moreno* Court cited to three sub-factors: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." *Id.* at 138–39 (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)). "[T]he appropriate test for the military justice system is to require an appellant to show particularized anxiety or concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id.* at 140. Appellant alleges delay prejudiced him because it delayed his wife's receipt of waived forfeitures. However, appellant demonstrates no harm resulting from this delay. In fact, the record provides no indication as to why appellant did not attempt to maximize potential payment to his dependants by requesting deferral of automatic forfeiture as soon as they became effective, or by requesting waiver of the automatic forfeiture prior to submission of his R.C.M. 1105 matters. Therefore, we find appellant did not meet this burden of demonstrating prejudice.

Our review, however, does not end here. Article 66(c), UCMJ, also imposes an obligation on this court to assess the appropriateness of appellant's sentence in light of presumptively unreasonable and unexplained delay in the post-trial processing of his case. *See generally United States v. Toohey,* 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Tardif,* 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney,* 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). In consideration of the significant delay associated with the post-trial processing of appellant's case without adequate explanation or justification, we find a one-month reduction in the sentence to confinement is warranted.

## CONCLUSION

Therefore, on consideration of the entire record and the assigned error, the findings of guilty are AFFIRMED. However, in light of our reasons above, the court approves only so much of the sentence as provides for a bad-conduct discharge and confinement for twenty-three months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3