# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BENNIE L. OSBORNE, JR.**
**United States Army, Appellant**

ARMY 20120968

Headquarters, Fort Hood
James L. Varley, Military Judge (arraignment)
Patricia H. Lewis, Military Judge (pretrial motions and trial)
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial and recommendation)
Colonel Richard W. Rousseau, Staff Judge Advocate (addendum)

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major John K. Choike, JA; Major Alison L. Gregoire, JA (on brief).

25 November 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy and two specifications of possession of a controlled substance with intent to distribute in violation of Articles 81 and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881 and 912a.  The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  Additionally, the convening authority credited appellant with ten days against his sentence to confinement.

OSBORNE—ARMY 20120968

This case is before us pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion and relief.[1]

## BACKGROUND

Appellant's trial concluded on 15 October 2012. On 10 April 2013, appellant submitted a request for speedy post-trial processing. The 98-page record of trial was transcribed and provided to trial defense counsel for review on 30 May 2013, 227 days after trial. The record was then presented to the military judge, who authenticated it on 18 June 2013. The staff judge advocate (SJA) signed his post-trial recommendation (SJAR) almost three months later, on 10 September 2013.

On 1 October 2013, appellant's defense counsel submitted clemency matters in which she, *inter alia*, alleged the government had exceeded timeliness standards in the post-trial processing of appellant's case prescribed by our superior court in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). In his addendum to the SJAR, dated 24 October 2013, the SJA identified the issue as one that may represent an allegation of legal error, but disagreed that legal error had occurred and recommended the convening authority take no corrective action. The convening authority took action on 24 October 2013, 374 days after the trial, approving the adjudged sentence. On 23 December 2013, 60 days after action, the record was received at this court.

## DISCUSSION

In the pertinent assigned error, appellant alleges:

> DILATORY POST-TRIAL PROCESSING OF
> [APPELLANT'S] CASE WARRANTS RELIEF WHERE
> THE GOVERNMENT TOOK 344 DAYS TO PROCESS A
> 98 PAGE RECORD OF TRIAL FROM SENTENCING TO
> ACTION AND 64 DAYS TO DELIVER THE RECORD
> OF TRIAL TO THIS COURT.

In *Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. at 136-43. Specifically, initial action of the convening authority should be taken no later than 120 days after completion of the trial, and the record of trial should be docketed with this court

---

[1] Appellant also personally raises three issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

2

within 30 days of the convening authority's action.  *Id* at 142-43.[2]  Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated by the delays in processing.  *See id.* at 136.

Here, the delay in appellant's case is presumptively unreasonable.  In the face of these lengthy delays, we now apply and balance the four factors set out in *Barker*.  *Id*.

As for the first factor, the length of the delay, 232 days to complete record transcription and authentication, 84 days to sign the SJAR, and 60 days to ship the record to this court, far exceeds the timeliness standards for those respective periods.

As for the second factor, reasons for the delay, we reviewed the affidavits prepared by the chief of military justice and the senior court reporter which were included in the record as government appellate exhibits.  *Id.* at 136-38.  We examined the explanations offered for these delays and found them unpersuasive.  *See United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011) ("[P]ersonnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay.").  Furthermore, the lackadaisical 84 days to prepare and sign the SJAR and 60 days from action to delivery at this court are not only facially unreasonable, but not satisfactorily explained or justified.

The third factor also favors appellant.  Appellant requested, to no avail, speedy processing 197 days after trial.  *See Moreno*, 63 M.J. at 138.

Finally, considering the fourth factor, we find appellant has not established prejudice as a result of this delay.  *Id.* at 138-41.  Appellant has alleged no prejudice and we find no prejudice after specifically reviewing each of the three sub-factors[3] found in *Moreno*.  *Id*.  Nor do we find the post-trial processing was "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system."  *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

---

[2] A third standard, timeliness of appellate review within eighteen months before this court, is not relevant in appellant's case.  *Moreno*, 63 M.J. at 142-43.

[3] (1) Oppressive incarceration pending appeal; (2) Particularized anxiety and concern; and (3) Impairment of ability to present a defense at rehearing.  *Moreno*, 63 M.J. at 138-41.

Nonetheless, pursuant to Article 66(c), UCMJ, we have the authority to grant appropriate relief in cases where we have not found actual prejudice to appellant, but "unreasonable and unexplained post-trial delays" are present. *United States v. Tardif*, 57 M.J. 219, 220 (C.A.A.F. 2002); *see United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

We find the overall *laissez-faire* processing of this case to be unreasonable and will grant relief in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, the court AFFIRMS only so much of the sentence as provides for a dishonorable discharge, confinement for 118 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court