# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 DAVID D. FULLER**
**United States Army, Appellant**

ARMY 20120928

Headquarters, Fort Hood
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (advice and recommendation)
Colonel Richard W. Rousseau, Staff Judge Advocate (addendum)

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Major Robert N. Michaels, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Major A.G. Courie, III, JA; Captain Timothy C. Donahue, JA (on brief).

28 January 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for four months.  The convening authority credited appellant with six days of confinement credit against the sentence to confinement and approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  In his sole assignment of error, appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case.  We agree that relief is appropriate in this case and grant thirty days confinement credit.

The convening authority took action 352 days after the sentence was adjudged. The record in this case consists of one volume and the trial transcript is 111 pages. Although appellant does not allege that the post-trial delay caused prejudice, and although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 230 days to transcribe the record in this case. The government's explanations for the delay include, *inter alia*, an extensive backlog of cases and a shortage of court-reporters at Fort Hood. Under the circumstances of this case, these explanations are unreasonable. Relief in this case is appropriate as the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. We find that relief is appropriate and provide relief in our decretal paragraph.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. We affirm only so much of the sentence as extends to a bad-conduct discharge and confinement for three months. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the findings and sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court