# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist PATRICK E. MYERS**
**United States Army, Appellant**

ARMY 20130094

Headquarters, III Corps and Fort Hood
James L. Varley and Gregory G. Gross, Military Judges
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Tania M. Martin, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Major M. Patrick Gordon, JA; Captain Ryan T. Yoder, JA (on brief).

For Appellee:  Major A.G Courie III, JA; Major Steven J. Collins, JA (on brief).

21 May 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of involuntary manslaughter by culpable negligence in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (2012). The military judge sentenced appellant to a bad-conduct discharge, confinement for forty-two months, total forfeitures, and reduction to the grade of E-1.  The convening authority approved a bad-conduct discharge, forty-one months confinement, total forfeitures, and reduction to the grade of E-1.  The convening authority credited appellant with 130 days of confinement credit against the sentence to confinement.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant's sole assignment of error requests relief for the dilatory post-trial processing of his case.  This assignment of error warrants discussion and relief.  The matters

personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## LAW AND DISCUSSION

The convening authority took action 466 days after the sentence was adjudged, over 430 of which are attributable to the government. The record in this case consists of one volume, and the trial transcript is 144 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 203 days to transcribe the record in this case. The government provided an explanation stating that a large volume of courts-martial at Fort Hood, combined with a shortage of assigned court reporters, resulted in the outsourcing of records of trial to private transcription firms and other military jurisdictions, resulting in increased processing times. The convening authority provided one month of confinement credit as clemency to appellant because of the lengthy delay between the time of trial and action. *See United States v. Bauerbach*, 55 M.J. 501, 507 (Army Ct. Crim. App. 2001) ("The convening authority would *normally* moot the need for additional relief by this court by granting relief for untimely post-trial processing in his action.") (emphasis added) (citations omitted). We agree with the action of the convening authority granting one month of confinement credit as clemency. Under the facts and circumstances of this case, we deem it appropriate to grant an additional thirty days of confinement credit relief and do so in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, including the matters submitted pursuant to *Grostefon*, the findings as approved by the convening authority are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a bad-conduct discharge, forty months confinement, total forfeitures, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the sentence are ordered restored.

MYERS—ARMY 20130094

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court