# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JARRELL D. SPEIGHT**
**United States Army, Appellant**

ARMY 20130837

Headquarters, United States Army Alaska
Robert Cohen, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate (pretrial)
Colonel Eric L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Major A.G Courie III, JA; Major Daniel D. Derner, JA; Major Daniel M. Goldberg, JA (on brief).

22 July 2015

------------------------------------
SUMMARY DISPOSITION
------------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of absence without leave in violation of Article 86 Uniform Code of Military Justice, 10 U.S.C. §§ 886 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged. The appellant received one day of sentence credit.

This case is before us for review pursuant to Article 66, UCMJ. In his sole assignment of error, appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate and grant thirty days confinement credit.

**LAW AND DISCUSSION**

The convening authority took action 434 days after the sentence was adjudged, 379 of which are attributable to the government.  The record in this case consists of one volume, and the trial transcript is 87 pages.  Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing.  UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay").  *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). It took 139 days to transcribe the record in this case, and 126 days for the Staff Judge Advocate to sign the recommendation after receipt of the authenticated record of trial.  The government provided an explanation in its post-trial submissions for this delay, citing a backlog of cases and short staffing of court reporters.   Despite this explanation, relief is appropriate as the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of the military justice system . . . ." *Ney*, 68 M.J. at 617.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED.  Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for three months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Judge CAMPANELLA and Judge CELTNIEKS, concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court