# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class PETER OSWALD**
**United States Army, Appellant**

ARMY 20130682

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major M. Patrick Gordon, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major A.G. Courie, III, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh, JA (on brief).

13 October 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Judge:

A military judge, sitting as a special court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault and one specification of abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. §920 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad conduct discharge, six months confinement, forfeiture of $1,010.00 pay per month for six months, reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises four assignments of error, one of which warrants discussion and relief. We find the issues raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are meritless.

## LAW AND DISCUSSION

The convening authority took action 474 days after the sentence was adjudged, with 31 days of delay attributable to the defense. The record in this case consists of two volumes, and the trial transcript is 282 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); see generally *United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The government argues that appellant is not entitled to relief because the case itself did not present "unusual circumstances" or "post-trial errors." Although the two lengthiest government delay periods are unexplained (265 days to transcribe the record of trial and 136 days to prepare and sign the Staff Judge Advocate Recommendation). Despite the government's arguments, relief from this court is appropriate as the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. As such, we provide relief in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for four months, forfeiture of $1,010.00 pay per month for six months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Senior Judge Tozzi and Judge Celtnieks concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2