# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CONN, HOFFMAN, and GIFFORD
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 AARON A. NEY**
**United States Army, Appellant**

ARMY 20080794

Headquarters, 3rd Infantry Division and Fort Stewart
Tara A. Osborn, Military Judge
Colonel Jonathan C. Guden, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Captain Pamela Perillo, JA (on brief).

For Appellee:  Lieutenant Colonel Martha L. Foss, JA; Lieutenant Colonel Francis C. Kiley, JA; Major Charles C. Choi, JA (on brief).

29 January 2010

----------------------------------
OPINION OF THE COURT
----------------------------------

GIFFORD, Judge:

A military judge convicted appellant, pursuant to his pleas, of wrongful possession of a controlled substance (three specifications) and wrongful use of a controlled substance (six specifications) in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for sixteen months. Pursuant to a pretrial agreement, the convening authority limited confinement to fifteen months and otherwise approved the adjudged sentence.  The case is before us for review pursuant to Article 66, UCMJ.

Appellant raises three issues on appeal: (1) his post-trial confinement violated Army Reg. 190-47, The Army Corrections System [hereinafter AR 190-47], para. 10-19.*b* (15 June 2006); (2) the staff judge advocate's (SJA) addendum prejudiced him by incorrectly addressing his allegation of legal error regarding post-trial

confinement; and (3) the 174-day[1] delay in post-trial processing by the government was unreasonable and prejudicial. For the reasons set forth below, we find appellant's assignments of error without merit.

## POST-TRIAL CONFINEMENT

### *Background*

Appellant asserts the Army violated AR 190-47 by not transferring him from the local county jail to the Naval Consolidated Brig Charleston within seven working days of the date his sentence was adjudged. Appellant was sentenced on 3 September 2008, but he states he was not transferred until on or about 7 October 2008. Appellant alleges in his pleadings that the civilian facility where he was confined for thirty-four days lacked rehabilitation programs military confinement facilities offer, an assertion not factually supported by the record of trial. Appellant also avers the local confinement facility lacked suitable living quarters and relies on his Rule for Courts-Martial [hereinafter R.C.M.] 1105 submissions to describe his post-trial confinement conditions pending transfer.

In post-trial submissions, appellant's trial defense counsel commented on appellant's time in both pretrial confinement and post-trial confinement while awaiting transfer to a military confinement facility. Without distinguishing between the two periods of confinement, trial defense counsel asserted that appellant was subjected to "substandard living conditions, overcrowding, and limited physical training equipment." In his R.C.M. 1105 matters, appellant similarly described his time spent in civilian confinement facilities. Appellant generally described limited recreation periods, small meals, no access to physical fitness equipment, unsuitable sleeping mattresses, and limited access to television and phones. With the exception of describing overcrowded conditions relating to a period of pretrial confinement, appellant did not distinguish between his post-trial and pretrial confinement periods.

In asserting his transfer violated AR 190-47, appellant cites to that portion of AR 190-47, para. 10-19.*b*, which provides "[e]ligible posttrial Army prisoners will be expeditiously transferred to the appropriate correctional facility within 7 working days . . . following courts-martial unless exceptional circumstances, as determined

---

[1]Appellant asserts the delay was 173 days; by our calculation the delay from 3 September 2008 until 24 February 2009 totaled 174 days.

by the GCM [General Court-Martial] Convening Authority, warrant deferring transfer."[2]

*Discussion*

In support of his assertion that he is entitled to meaningful relief because his post-trial confinement violated a service regulation, appellant relies on *United States v. Adcock*, 65 M.J. 18 (C.A.A.F 2007). *Adcock*, however, involved a claim of alleged violations of a *pretrial confinement* standard in a service regulation and applied legal standards specific to pretrial confinement (i.e., R.C.M. 304(f); R.C.M. 305(k); and Article 13, UCMJ). *Adcock*, 65 M.J. at 21-26; *see also United States v. Williams*, __ M.J. __, No. 08-0339/AF, slip op. at 3 (C.A.A.F. 14 Jan. 2010). Such standards are inapposite to *post-trial* confinement claims. *See* Article 55, UCMJ. We, therefore, find *Adcock* inapplicable to appellant's case.

In contrast to the legal standards used in *Adcock*, violations of service regulations pertaining to post-trial confinement standards have typically been examined using the Eighth Amendment and Article 55, UCMJ. *See, e.g., United States v. Avila*, 53 M.J. 99 (C.A.A.F. 2000). Both the Eighth Amendment and Article 55, UCMJ, prohibit "cruel and unusual punishments." Article 55, UCMJ, is broader than the Eighth Amendment in expressly prohibiting other types of punishments. *See* Article 55, UCMJ. The broader class of punishments addressed by Article 55, UCMJ, are not at issue in this case.

To support a claim that conditions of confinement amount to cruel and unusual punishment in violation of the Eighth Amendment, an appellant must show: (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; and (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to the appellant's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *United States v. Brennan*, 58 M.J. 351, 353-54 (C.A.A.F. 2003). We review allegations of cruel or unusual punishment de novo. *United States v. White,* 54 M.J. 469, 471 (C.A.A.F. 2001).

In the context of a post-trial prisoner's claim for relief for violation of a service regulation, the Court of Appeals for the Armed Forces (CAAF) held that "[t]he fact that regulations were not followed does not demonstrate a 'sufficiently serious' deprivation under the Eighth Amendment . . . [rather,] [a]s we have indicated in the Article 13 context, noncompliance with regulations may be evidence

---

[2] The plain text of that portion of AR 190-47, para. 10-19.*b*, appellant relies on enumerates, but does not limit, circumstances for which a general court-martial convening authority may defer transferring a post-trial prisoner.

supporting a claim, but is not determinative of the issue of punishment." *Avila*, 53 M.J. at 102.

Prior to bringing a claim of cruel or unusual punishment, however, the CAAF has firmly established that "[a] prisoner must seek administrative relief prior to invoking judicial intervention" to redress concerns regarding post-trial confinement conditions. *White,* 54 M.J. at 472; *see also United States v. Wise*, 64 M.J. 471 (C.A.A.F. 2007); *United States v. Bright,* 63 M.J. 683, 686 (Army Ct. Crim. App. 2006). Further, the CAAF has stated, "[a]bsent some unusual or egregious circumstance [this means] that [the prisoner] has exhausted the prisoner grievance system." *White,* 54 M.J. at 472 (citations and quotation omitted); *see also Wise*, 64 M.J. at 469; *Bright*, 63 M.J. at 686.[3]

In reiterating the requirement for exhaustion of administrative remedies, this court noted,

> In addition to promoting resolution of grievances at the lowest possible level, the exhaustion requirement . . . is intended to ensure that an adequate record has been developed with respect to the procedures for considering a prisoner grievance and applicable standards. An appellant who asks us to review prison conditions, a matter normally not within our appellate jurisdiction, must establish a clear record demonstrating both the legal deficiency in administration of the prison and the jurisdictional basis for our action.

*Bright*, 63 M.J. at 686, (quoting and citing *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)). "[T]he ultimate determination of whether an appellant exhausted administrative remedies is reviewed de novo as a mixed question of law and fact." *Wise*, 64 M.J. at 471 (citation and quotation omitted).

Appellant has not alleged that the purported violation of AR 190-47 violated Article 55, UCMJ, or the Eighth Amendment. Furthermore, appellant has neither furnished any evidence that he exhausted his administrative remedies prior to invoking judicial intervention, nor has appellant alleged that he encountered unusual or egregious circumstances such that he could not avail himself of administrative relief processes. Nevertheless, "we need not remand the case for fact finding if we

---

[3] *See also United States v. Kinsch*, 54 M.J. 641, 648 (Army Ct. Crim. App. 2000) wherein this court expressly listed several potential avenues of redress available to post-trial prisoners.

can determine that the facts asserted, even if true, would not entitle appellant to relief." *White*, 54 M.J. at 471 (citing *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997)).

Appellant's assertion the government failed to comply with AR 190-47 standing alone does not demonstrate a violation of Article 55, UCMJ, or the Eighth Amendment. *Avila*, 53 M.J. at 102. Nevertheless, even if the confinement conditions alleged by appellant were true and his transfer violated AR 190-47, we find that such violations do not constitute sufficiently serious deprivations to amount to cruel or unusual punishment, in violation of Article 55, UCMJ, or the Eighth Amendment. *White,* 54 M.J. 473-74. As a result, "our evaluation of the merits of appellant's complaints makes it unnecessary to determine if appellant has satisfied the requirement for exhaustion of administrative remedies." *Id.* at 473.[4]

## SJA ADDENDUM

In an additional assignment of error, appellant alleges that the SJA's addendum prejudiced him by incorrectly addressing his assertion of legal error. Appellant asserts, *inter alia*, that the SJA addressed his allegation of post-trial confinement conditions in the SJA addendum, but the SJA did not state it was legal error or provide the convening authority "exceptional circumstances" for failing to transfer him to a confinement facility as required by AR 190-47. Appellant relies on the assignment of error discussed above to establish prejudice.

We hold that even if trial defense counsel had asserted a legal error in her R.C.M. 1105 matters[5] and the SJA had erred in not commenting on it, based on our holding above the allegation of legal error lacked merit. Thus, returning the case to the SJA and convening authority is not necessary. *See United States v. Hill*, 27 M.J. 293, 296-97 (C.M.A. 1988); *United States v. Williams-Oatman*, 38 M.J. 602, 604 (A.C.M.R. 1993).

---

[4] "[F]urther determination as to whether appellant's allegations are true, and if so, what measures should be taken in terms of accountability and responsibility, are matters for consideration by appropriate supervisory personnel." *White,* 54 M.J. at 475.

[5] We note that trial defense counsel did not cite to AR 190-47, para. 10-19.*b*, when complaining about the lack of timeliness of appellant's transfer to a military confinement facility. Rather, in the same paragraph wherein she had explained that appellant required no discipline while in confinement, trial defense counsel went on to note, "After his trial, PVT Ney spent another month in civilian confinement awaiting transfer to a military facility."

## POST-TRIAL DELAY

Finally, appellant asserts that he was denied his right to speedy post-trial processing due to a delay of 174 days between the appellant's adjudged sentence and the convening authority's action. Appellant relies on *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006).

A delay of 174 days is presumptively unreasonable. *Moreno*, 63 M.J. at 136. Where such delay is present, *Moreno* dictates application of the factors set out in *Barker v. Wingo,* 407 U.S. 514, 530 (1972) to assess whether appellant's due process rights were violated. Those factors are: (1) length of delay; (2) reasons for delay; (3) an assertion of the right to timely review and appeal; and (4) prejudice flowing from the delay. *Moreno*, 63 M.J. at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005)).

In examining the first two *Barker* factors, the delay exceeded the 120-day presumption of unreasonableness established by *Moreno* by fifty-four days. Additionally, when looking for a meaningful explanation for the delay, we find none. Upon receiving appellant's complaint of dilatory post-trial processing in his R.C.M. 1105 matters, the government did not offer any reason for the delay. The CAAF has made very clear the government's obligation to provide *some* explanation for significant delays. *Moreno,* 63 M.J. at 142. In failing to put forth any meaningful effort to explain the delay, despite appellant having asserted dilatory post-trial processing in his R.C.M. 1105 matters, the government has failed to meet the expectation established in *Moreno.*

As for the third *Barker* factor, appellant submitted an R.C.M. 1105 submission 153 days after his court-martial and prior to the record of trial's authentication and service of the staff judge advocate's recommendation pursuant to R.C.M. 1106. In the submission, the trial defense counsel asserted a claim of delay in post-trial processing. Although we find appellant could have sought relief earlier, we nonetheless find this to be an assertion of appellant's right to timely review and appeal.

Regarding the fourth *Barker* factor, we find appellant has not established prejudice. The brief submitted on behalf of appellant does not identify prejudice. Examining the record of trial, the R.C.M. 1105 matters submitted by appellant's trial defense counsel asserted the delay caused appellant to miss an opportunity to go before the Army Clemency and Parole Board [ACPB]. Trial defense counsel stated action by the convening authority is a prerequisite for going to the ACPB. Appellant has provided no evidence to demonstrate the ACPB would have granted him clemency or parole, and thus, his assertion of prejudice from the missed hearing is

"mere speculation." *See Moreno*, 63 M.J. at 140-41; *United States v. Allende,* 66 M.J. 142, 145 (C.A.A.F. 2008).

Finally, we discern no prejudice after applying the *Moreno* prejudice sub-factors. *See Moreno*, 63 M.J. at 138-41. In doing so, we particularly note our holding that appellant's substantive grounds for appeal lacked merit. After careful analysis and balancing of the *Barker* factors, we find no deprivation of due process. *Barker*, 407 U.S. at 533; *Moreno*, 63 M.J. at 136.

We also considered the post-trial delay in light of our authority under Article 66(c), UCMJ, to grant relief where there has been unreasonable delay without a specific finding of prejudice. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). In light of all circumstances, we conclude the post-trial delay in this case does not adversely affect the public's perception of the fairness and integrity of the military justice system, and that the delay does not affect the findings and sentence that should be approved.

## CONCLUSION

The findings of guilty and the sentence are affirmed.

Senior Judge CONN and Judge HOFFMAN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7