# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant WILLIAM L. RUBINO**
**United States Army, Appellant**

ARMY 20100675

Headquarters, III Corps and Fort Hood
James L. Varley, Military Judge
Colonel Mark H. Sydenham, Staff Judge Advocate (pretrial & recommendation)
Colonel Stuart W. Risch, Staff Judge Advocate (addendum)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Julie A. Glascott, JA; Captain Steve T. Nam, JA (on brief).

22 June 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of false official statement, aggravated sexual assault of a child, and abusive sexual contact with a child, in violation of Articles 107 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920 (2006 & Supp. IV 2010) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for fifty-one months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case is before the court for review under Article 66, UCMJ. We have considered the record of trial, appellant's assignment of error, and the government's answer. Though we do not find any actual prejudice to the appellant, we agree with appellant that the unexplained and excessive post-trial delay in the process of this case warrants relief.

Here, appellant waived his right to an Article 32, UCMJ, investigation and pled guilty to all charges and specifications resulting in a record of trial transcript eighty-six pages in length. Time between sentence and action in this case was 289 days. Neither convening authority nor staff judge advocate offered any explanation for the post-trial delay, either initially or in response to appellant's complaint of excessive post-trial delay contained in his Rule for Courts-Martial 1105 submission. Even if we permit the government's calculation, attributing only 218 days of unexplained delay to the convening authority, the length of delay without explanation, let alone justification, warrants relief under the particular circumstances of this case. Article 66(c), UCMJ. *See United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006) (creating a 120-day presumption of unreasonable delay). *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). Reviewing the entire record of trial, and in light of the government's failure to provide reasons for excessive post trial delay, along with the particular circumstances of this case, we find a reduction of two months in the sentence to confinement appropriate.

Therefore, on consideration of the entire record and the assigned error, the findings of guilty are affirmed. However, in light of our reasons above, we find that, in relation to appellant's sentence to fifty-one months confinement, only forty-nine months should be approved. Therefore, the court approves only so much of the sentence as provides for a bad-conduct discharge, confinement for forty-nine months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court