# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, JOHNSON, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ROBERT A. CLARK**
**United States Army, Appellant**

ARMY 20110179

Headquarters, III Corps and Fort Hood
Susan K. Arnold, Military Judge
Colonel Mark H. Sydenham, Staff Judge Advocate


For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Richard M. Gallagher, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Julie A. Glascott, JA; Captain Steve T. Nam, JA (on brief).


13 September 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:


A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of wrongful disposition of military property, two specifications of wrongful use of a controlled substance, wrongful possession of a controlled substance, wrongful distribution of a controlled substance, and larceny of military property, in violation of Articles 108, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 912a, 921 2006 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for three years, total forfeiture of all pay and allowances, and reduction to the grade of Private E-1.  The convening authority approved the sentence as adjudged.

This case is before the court for review under Article 66, UCMJ.  We have considered the record of trial, appellant's assignment of error, and the government's answer.  Though we do not find any actual prejudice to the appellant, we agree with

appellant that the unexplained and excessive post-trial delay in the processing of this case warrants relief.

Here, appellant pled guilty to all charges and specifications resulting in a record of trial transcript 188 pages in length. Time between sentence and action in this case was 261 days. Neither the convening authority nor the staff judge advocate offered any explanation for the post-trial delay in this case. Even if we permit the government's calculation, attributing only 233 days of unexplained delay to the convening authority, the length of delay without explanation, let alone justification, warrants relief under the particular circumstances of this case. Article 66(c), UCMJ. *See United States v. Moreno*, 63 M.J. 129, 142-43 (C.A.A.F. 2006) (creating a 120-day presumption of unreasonable delay); *see generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). Reviewing the entire record of trial, and in light of the government's failure to provide reasons for the excessive post-trial delay, along with the particular circumstances of this case, we find a reduction of one month in the sentence to confinement appropriate.

Therefore, on consideration of the entire record and the assigned error, the findings of guilty are affirmed. However, in light of the reasons above, we find that, in relation to appellant's sentence to three years' confinement, only thirty-five months should be approved. Therefore, the court approves only so much of the sentence as provides for a bad-conduct discharge, confinement for thirty-five months, total forfeiture of all pay and allowances, and reduction to the grade of Private E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court