# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 LUKE D. THURSTON**
**United States Army, Appellant**

ARMY 20110797

Headquarters, 82d Airborne Division
Karin G. Tackaberry and James E. Hardin, Jr., Military Judges
Major Daniel J. Sennott, Acting Staff Judge Advocate (pretrial)
Colonel Lorianne M. Campanella, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain John L. Schriver, JA; Major Mary E. Braisted, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

30 January 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

YOB, Senior Judge:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his pleas, of one specification of absence from his unit without authority for over 30 days, which absence was terminated by apprehension, and one specification of wrongfully appropriating property of another of a value in excess of $500.00, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 180 days, and reduction to the grade of E-1. The convening authority credited appellant with 36 days of confinement credit against the sentence to confinement.

Appellant's case is before this court for review under Article 66, UCMJ. We have considered the record of trial, the sole assignment of error submitted by appellant requesting relief for the government's deleterious post-trial processing of his case, as well as the written briefs submitted by the parties on this issue.

THURSTON—ARMY 20110797

We find appellant's request for relief to be reasonable under the circumstances as set forth below. Under the post-trial processing standards articulated by our superior court in *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), we apply a presumption of unreasonable government delay in cases where action by the convening authority is not taken within 120 days of the completion of trial, and in situations where the record of trial is not docketed at this court within 30 days of convening authority action. In appellant's case, the government failed to meet either of these timelines. This included a processing time of 241 days (after excluding 12 days of delay attributable to appellant) from completion of appellant's trial until convening authority action.[*] In addition, it took the government 75 more days after the convening authority took action in appellant's case to docket the case with this court.

Appellant does not assert prejudice as a result of this delay but, even absent actual prejudice, this court is responsible to review the appropriateness of a sentence in light of the presumptively excessive and unexplained length of post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *Moreno*, 63 M.J. at 143; *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). As the government conceded in its brief, the record is devoid of any explanation for the excessive amount of time required for two separate post-trial processing periods.

Reviewing the entire record of trial, and in light of the government's failure to provide any reasons for the excessive length of post-trial processing, along with the particular circumstances of this case, we find a reduction of 30 days in the sentence to confinement to be appropriate. Therefore, on consideration of the entire record, the matters raised by appellant in his assignment of error, and the parties' pleadings, we find the findings of guilty correct in law and fact. Accordingly, the findings of guilty are affirmed. We find the sentence as approved by the convening authority inappropriate, and the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for 150 days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge KRAUSS and Judge BURTON concur.

---

[*] We note that this case involved a guilty plea with no contested issues, and that the completed transcript of the court proceedings was a mere 110 pages in length.

2



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court