# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 ANTHONY M. RUSSO**
**United States Army, Appellant**

ARMY 20120430

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate (pretrial)
Colonel Edward K. Lawson IV, Staff Judge Advocate (post-trial)

For Appellant:  Major Jacob D. Bashore, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA (on brief).

19 November 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

YOB, Senior Judge:

On 3 May 2012, a military judge sitting as a special court-martial convicted appellant, pursuant to his plea, of a single specification of absence without leave terminated by apprehension in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for five months.  On 28 February 2013, the convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ.  We have considered appellant's assignment of error seeking relief due to the dilatory post-trial processing of his case, the government's answer, and the record of trial.  Although we do not find actual prejudice to the appellant as a result of the dilatory post-trial processing, we agree with appellant that the unexplained and excessive post-trial delay attributable to the government warrants relief.

Appellant's entire case consisted of his guilty plea to a single charge and its one specification, which resulted in a record of trial transcript a mere 84 pages in length. Appellant previously raised the issue of excessive post-trial processing delay as part of his clemency matters submitted to the convening authority in accordance with Rules for Courts-Martial 1105 and 1106. The staff judge advocate, in the addendum to his recommendation, advised against any relief for this excessive delay, and the convening authority provided no relief in his action.

The government concedes that the time between the announcement of the sentence and the convening authority action was over 300 days. The government offers no explanation or insight into reasons for this delay. A delay of this magnitude for a case that should have been relatively simple to transcribe and process, without any explanation or justification from the convening authority or staff judge advocate, warrants relief even in the absence of prejudice under the particular circumstances of this case. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Moreno*, 63 M.J. 129, 142-43 (C.A.A.F. 2006) (recognizing a presumption of unreasonable delay after 120 days of post-trial delay in processing a case); *United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 616-17 (Army Ct. Crim. App. 2010).

Therefore, on consideration of the entire record and the assigned error, the finding of guilty is affirmed. However, in light of the reasons described above, the court affirms only so much of the sentence as provides for a bad-conduct discharge and confinement for three months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2