# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist KYLE L. PURDY**
**United States Army, Appellant**

ARMY 20120400

Headquarters, III Corps and Fort Hood
Patricia H. Lewis, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sam Gabremariam, JA; Captain T. Campbell Warner, JA (on brief).

26 September 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of desertion, three specifications of absence without leave, seven specifications of larceny, and two specifications of knowingly receiving stolen property in violation of Articles 85, 86, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886, 921, 934 (2012) [hereinafter UCMJ], respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for 18 months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged. The appellant received 141 days of confinement credit against the sentence to confinement.

This case is before us for review pursuant to Article 66, UCMJ. In his sole assignment of error, appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate in this case and grant 30 days confinement credit.

The convening authority took action 296 days after the sentence was adjudged. The record in this case consists of one volume, and the trial transcript is 124 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). It took 197 days to transcribe the record in this case. The government has provided no explanation in the record of trial or in its post-trial submissions for this delay. Moreover, the government concedes that relief in this case is appropriate where the delay between announcement of sentence and action without any explanation from the Staff Judge Advocate could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. We agree and provide relief in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as extends to a dishonorable discharge, confinement for seventeen months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court