# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL J. MOODY**
**United States Army, Appellant**

ARMY 20121083

Headquarters, XVIII Airborne Corps and Fort Bragg
Tara A. Osborn and David H. Robertson, Military Judges
Colonel Paul S. Wilson, Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (recommendation)
Lieutenant Colonel Jerrett W. Dunlap, Jr., Staff Judge Advocate (addendum)

For Appellant:  Mr. William E. Cassara, Esquire (argued); Captain Brian J. Sullivan, JA; Mr. William E. Cassara, Esquire (on brief).

For Appellee:  Captain Christopher A. Clausen, JA (argued); Major A.G Courie III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

29 October 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

TOZZI, Senior Judge:

A general court-martial comprised of officer and enlisted members convicted appellant, contrary to his pleas, of one specification of abusive sexual contact with a child, and one specification of indecent liberties with a child, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006) [hereinafter UCMJ]. The panel sentenced appellant to eight years confinement and a bad-conduct discharge.  The convening authority approved the findings and sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises four allegations of error, only one of which merits discussion and relief. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case.  We agree that relief is appropriate and grant thirty days confinement credit.

**LAW AND DISCUSSION**

The convening authority took action 468 days after the sentence was adjudged, 430 of which are attributable to the government. The record in this case consists of seven volumes, and the trial transcript is 835 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 183 days to transcribe the record of trial in this case. It took over 113 days from the date of receipt for one of the military judges to authenticate the record of trial. The government provided an explanation in its post-trial submissions for this delay, citing a backlog of cases, the government shutdown, and short staffing of court reporters. Further, as annotated in a memorandum, one of the military judges was on temporary duty away from Fort Bragg, North Carolina, for a significant period of time after receipt of the record of trial for review and authentication, presiding over a complicated capital murder trial at Fort Hood, Texas. Despite this explanation, the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find that relief is appropriate under the facts of this case.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for confinement for seven years and eleven months and a bad-conduct discharge. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court