# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private (E-1) MATHEW M. CASTRO**
**United States Army, Appellant**

ARMY 20140215

Headquarters, 1st Cavalry Division
Gregory A. Gross, Military Judge (arraignment)
Rebecca K. Connally, Military Judge (trial)
Colonel R. Tideman Penland, Jr., Staff Judge Advocate (pretrial)
Colonel Alison C. Martin, Staff Judge Advocate (addendum)
Colonel Michael D. Jones, Staff Judge Advocate (recommendation)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major M. Patrick Gordon, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain John Gardella, JA (on brief).

24 November 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of absence without leave, one specification of willfully disobeying a superior commissioned officer, and two specifications of wrongful use of methamphetamine in violation of Articles 86, 90, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, and 912a (2012) [hereinafter UCMJ]. The military judge sentenced appellant to four months confinement and a bad-conduct discharge. The convening authority approved the sentence as adjudged and credited appellant with sixty days of pretrial confinement credit.[*]

---

[*] The convening authority deferred automatic forfeitures of pay and allowances required by Article 57a, UCMJ, until action.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which warrants discussion and relief.

**LAW AND DISCUSSION**

The convening authority took action 316 days after the sentence was adjudged, 280 of which are attributable to the government. It took sixty-four additional days after convening authority action for this court to receive the record of trial. The record in this case consists of one volume and the trial transcript is 116 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We find relief from this court is appropriate as the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. As such, we provide relief in our decretal paragraph.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to three months confinement and a bad-conduct discharge. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court