# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class GREGORY W. BUFORD, JR.**
**United States Army, Appellant**

ARMY 20130427

Headquarters, 1st Cavalry Division (Rear)(Provisional)
Gregory A. Gross, Military Judge
Colonel R. Tideman Penland, Jr., Staff Judge Advocate (pretrial & recommendation)
Lieutenant Colonel Michael D. Jones, Staff Judge Advocate (addendum)

For Appellant:  Mr. John B. Wells, Esq; Captain Amanda R. McNeil Williams, JA (on reply brief); Mr. John B. Wells, Esq; Captain Brian J. Sullivan, JA; (on brief)

For Appellee:  Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh, JA; Lieutenant Colonel John C. Lynch, JA (on brief).

8 January 2016

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

TOZZI, Senior Judge:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his plea, of one specification of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. §§ 934 (2012) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises five allegations of error, one of which merits discussion and relief.  Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case.  We agree that relief is appropriate in this case and grant thirty days confinement credit.

## LAW AND DISCUSSION

The convening authority took action 476 days after the sentence was adjudged, 431 of which are attributable to the government. The record in this case consists of five volumes, and the trial transcript is 629 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 316 days to transcribe the record of trial, 398 days to serve the record of trial on appellant's defense counsel, and forty-three days for the military judge to authenticate the record of trial in this case. It also took sixty-eight days for this court to receive the record of trial after action. The government provided no explanation for this delay. The unexplained delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for eleven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the sentence, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

2