# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class CHAD A. BETTENCOURT**
**United States Army, Appellant**

ARMY 20140284

Headquarters, 1st Cavalry Division
Wade N. Faulkner, Military Judge
Colonel R. Tideman Penland, Jr., Staff Judge Advocate (pretrial)
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Captain Patrick A. Crocker, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

21 January 2016

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Judge BURTON:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification of conspiracy to commit larceny of military property, one specification of damaging military property, one specification of larceny of military property and one specification of housebreaking in violation of Article 81, 108, 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 908, 921, 930 (2012) [hereinafter UCMJ]. The court sentenced appellant to a bad-conduct discharge, confinement for eighteen months, and reduction to the grade of E-1. In accordance with a pretrial agreement, the convening authority approved the bad-conduct discharge, confinement for eight months and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error which merits discussion and relief. Appellant asks this

court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate in this case and grant thirty days confinement credit.

## LAW AND DISCUSSION

The convening authority took action 293 days after the sentence was adjudged, all of which are attributable to the government. The record in this case consists of two volumes, and the trial transcript is 97 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 221 days to transcribe the record of trial and to serve the record of trial on appellant's defense counsel, and seven days for the military judge to authenticate the record of trial in this case. It also took sixty-seven days for this court to receive the record of trial after action. The government provided no explanation for the delay in either transcribing the record of trial or for the delay in docketing appellant's case with this court. The government concurs that appellant is entitled to some relief. The unexplained delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of the military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge, confinement for seven months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the sentence, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Senior Judge MULLIGAN and Judge HERRING concur.



FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court