# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private (E-2) LAWRENCE L. WHALEY, II**
**United States Army, Appellant**

ARMY 20140767

Headquarters, 82d Airborne Division (Rear) (Provisional)
Christopher J. Fredrikson, Military Judge
Lieutenant Colonel Susan K. McConnell, Acting Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Scott A. Martin (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien, JA (on brief).

26 April 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification of absence without leave, two specifications of failure to report, six specifications of selling military property, and one specification of larceny of military property, in violation of Articles 86, 108, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 908, 921 (2012) [hereinafter UCMJ].  The judge sentenced appellant to a bad-conduct discharge, confinement for thirteen months, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.  The military judge credited appellant with 146 days toward his confinement.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises one allegation of error which merits discussion and relief.  Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case.  We agree that relief is appropriate in this case and reduce the approved sentence to confinement by thirty days in our decretal paragraph.

**LAW AND DISCUSSION**

The convening authority took action 348 days after the conclusion of appellant's court-martial. Of that delay, twenty-six days are attributable to the defense, and 322 days are attributable to the government. The initial ten days after the government serves the authenticated record of trial are not attributable to the defense. *See* Rule for Courts-Martial 1105. The record in this case consists of two volumes, and the trial transcript is 212 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The appellant requested speedy post-trial processing on three occasions. The government took 246 days to transcribe the record of trial and to serve the record of trial on appellant's defense counsel, and another forty-two days for the military judge to authenticate the record of trial in this case. The delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief is appropriate under the facts of this case.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2