# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DOUGLAS L. WILLIAMS, Jr.**
**United States Army, Appellant**

ARMY 20130522

Headquarters, III Corps and Fort Hood
Patricia H. Lewis, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Andres Vazquez, Jr., JA; Major Mary E. Braisted, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Steve T. Nam, JA (on brief).

9 May 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of three specifications of distribution of a controlled substance in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2006) [hereinafter UCMJ]. The judge sentenced appellant to confinement for eighteen months, forfeiture of $2,030 pay per month for six months, and reduction to the grade of E-1. The convening authority approved only seventeen months of confinement, but otherwise approved the findings and the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two allegations of error, one of which merits discussion and relief. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate in this case and reduce the approved sentence to confinement by thirty days in our decretal paragraph.

WILLIAMS—ARMY 20130522

## LAW AND DISCUSSION

The convening authority took action 537 days after the conclusion of appellant's court-martial. Of that delay, twenty-one days are attributable to the defense, and 516 days are attributable to the government. The record in this case consists of two volumes, and the trial transcript is 107 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The appellant raised the issue of dilatory post-trial processing in his Rule for Courts-Martial 1105 matters. The staff judge advocate (SJA) acknowledged the lengthy delay in the addendum and recommended the convening authority approve only seventeen months of the adjudged confinement. The convening authority approved the recommendation of the SJA. However, this step in the right direction is insufficient to fully address the unexplained delay in this case. The delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find additional relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for confinement for sixteen months, forfeiture of $2,030 pay per month for six months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2