# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JAVARIOUS K. WHITE**
**United States Army, Appellant**

ARMY 20131013

Headquarters, III Corps and Fort Hood
Rebecca K. Connally, Military Judge
Colonel Richard W. Rousseau, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Nicholas J. Larson, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on brief).

23 May 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A special court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of three specifications of assault consummated by battery and one specification of aggravated assault, all in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [hereinafter UCMJ]. The court-martial sentenced appellant to a bad-conduct discharge, confinement for one year, forfeiture of $1010.00 pay per month for six months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case was referred to us for review pursuant to Article 66(b), UCMJ. Appellant raises one assignment of error, which merits both discussion and relief. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate in this case and reduce the approved sentence in our decretal paragraph.

**LAW AND DISCUSSION**

The convening authority took action eleven and a half months after the conclusion of appellant's court-martial. Broken into its constituent parts, some of this delay was reasonable, some was less than ideal, but one aspect is particularly concerning. The military judge authenticated the record on 18 June 2014. On 20 October 2014, the staff judge advocate signed the recommendation (SJAR). That is, it took over four months—*and longer than the time allotted for the entire post-trial processing of the case*—to sign a routine legal memorandum. The SJAR, including the heading and signature bock, was less than one page in length.

It should be made clear that this was not a case in which appellant was indifferent to the timeliness of the post-trial processing. Three weeks after authentication by the military judge, appellant's defense counsel sent a memorandum to the staff judge advocate (the *second* such request) specifically requesting expedited processing. Nevertheless, no explanation was given for the delay.

Appellant's submission under Rule for Courts-Martial 1105 offered the final opportunity for the government to explain the excessive post-trial delay. In his submission, appellant again complained of the unnecessary delay and the violation of the time limits established by *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). In response, the staff judge advocate stated only that he "disagree[d]" that there was any legal error and advised the convening authority that no corrective action was required.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) (Pursuant to Article 66(c), UCMJ, service courts are "required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

Accordingly, we find ourselves at a familiar crossroads. The sentence as *adjudged* is entirely appropriate for appellant's offenses. But, the failure to perform routine administrative paperwork, while not amounting to a due process violation, calls into question whether the sentence, as *approved*, after all the delay is appropriate. Thus, we must choose between reducing an entirely appropriate sentence or appearing to turn a blind eye to excessive delay. Preparing SJARs is—to quote then Chief Judge Pede—the "blocking and tackling" of military justice practice. *United States v. Mack,* ARMY 20120247, 2013 CCA LEXIS 1016, at *5

(Army Ct. Crim. App. 9 Dec. 2013) (summ. disp.) (Pede, C.J., concurring). Accordingly, we choose, in this case, to provide relief.

While reducing a sentence because of post-trial delay is an appropriate exercise of Article 66(c), UCMJ, authority, our need to do so frequently reflects poorly on "those principally responsible for the administration of justice." *Mack*, 2013 CCA LEXIS 1016, at *5 (Pede, C.J., concurring).

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as provides for a bad-conduct discharge and confinement for nine months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court