# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 JOSHUA T. BLAZER**
**United States Army, Appellant**

ARMY 20150135

Headquarters, 1st Cavalry Division
Kenneth Shahan, Military Judge
Lieutenant Colonel Alison Martin, Staff Judge Advocate (pretrial)
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA and Captain J. David Hammond (on brief)

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; and Captain Austin L. Fenwick, JA (on brief).

27 September 2016

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification of violation of a lawful order, one specification of sexual assault, and one specification of broadcasting an indecent recording in violation of Articles 92, 120 and 120(c), Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, 920(c) (2012) [hereinafter UCMJ]. The court sentenced appellant to a bad-conduct discharge, confinement for thirty months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged and credited appellant with 248 days pretrial confinement credit.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error which merits discussion and relief. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his

case. We agree that relief is appropriate in this case and grant thirty days confinement credit.

## LAW AND DISCUSSION

The convening authority took action 292 days after the sentence was adjudged; all but twenty-two days of which are attributable to the government. The record in this case consists of seven volumes, and the trial transcript is 251 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

This case highlights the fact that transcription and record assembly are not the problem in the persistent dilatory processing of courts-martial. Here, the 251-page record was served on the defense counsel for review eighty-three days after trial. Once the military judge authenticated the record, the government took seventy-seven days to prepare and serve the staff judge advocate recommendation (SJAR) and the record of trial on the accused. Following action by the convening authority it then took another fifty-one days for the government to ensure delivery of the record to this court.

Appellant requested speedy post-trial processing of his case on two occasions. The first request was thirty days after defense counsel reviewed the record of trial. The second request was contained in the accused's clemency matters submitted in accordance with Rules for Courts-Martial 1105 and 1106 (Post-Trial Matters). Neither request resulted in any prompt action by the government. The government provided no explanation for the delay in service of the SJAR and record on the accused or for the delay in docketing appellant's case with this court. The problem accordingly, is one of diligence, attention to detail, and focus. Thus, we find relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-nine months, forfeiture of all pay and allowances, and reduction to E-1. All

rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the sentence, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court