# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WILSON, HAIGHT, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHRISTOPHER L. GOFFE**
**United States Army, Appellant**

ARMY 20120201

Headquarters, III Corps and Fort Hood
Kirsten Brunson, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Richard W. Rousseau, Staff Judge Advocate (post-trial)

For Appellant: Captain Patrick J. Scudieri, JA; William E. Cassara, Esq. (on brief); Captain Patrick J. Scudieri, JA; William E. Cassara, Esq. (on reply brief).

For Appellee: Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

4 November 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006 & Supp. IV) [hereinafter UCMJ]. Then, a panel composed of officer and enlisted members convicted appellant, contrary to his pleas, of one specification of attempted rape, one specification of willfully disobeying a superior commissioned officer, one specification of rape, five specifications of assault consummated by battery[1], and one specification of wrongfully communicating a threat, in violation of Articles 80,

---

[1] Two of the specifications of assault consummated by battery of which appellant was convicted were lesser-included offenses of attempted rape and attempting to kill an unborn child under Articles 80 and 119a, UCMJ, respectively.

90, 120, 128, and 134, UCMJ.[2]  The panel sentenced appellant to a dishonorable discharge and 3,649 days of confinement. [3]  The convening authority approved the adjudged sentence as well as 517 days of pretrial confinement credit.

This case is now before us for review pursuant to Article 66, UCMJ. Appellant raises six assignments of error, one of which merits discussion and relief.

Appellant's trial concluded on 1 March 2012.  The affidavits submitted by the government show no effort was made to transcribe the record for nearly a year.  On 27 February 2013, the transcript was sent to a civilian court-reporting company where it was transcribed in less than three weeks.  Overall, excluding the time necessary for defense counsel to submit errata, it took the government 390 days to transcribe and assemble the 979-page record of trial.  After the military judge authenticated the record, it took a *further* 136 days until the Staff Judge Advocate (SJA) signed the recommendation (SJAR).  That is, it took over four and a half months (and longer than the 120 days allotted for the reasonable post-trial processing of this entire case, *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006)) for the SJA to prepare and sign a routine legal memorandum that is less than a page and a half in length.  The defense counsel then submitted matters under Rule for Courts-Martial 1105 in twenty-three days, specifically raising the unacceptable post-trial delay in the case.  Notwithstanding the identification of post-trial delay, it then took nearly three months for the SJA to prepare the addendum to his SJAR and for the convening authority to act on the case. In total, 729 days expired between the conclusion of the court-martial and when the convening authority took action.

Although we find no due process violation[4] in the post-trial processing of appellant's case, we must still review the appropriateness of appellant's sentence in light of this excessive delay. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) (Pursuant to Article 66(c), UCMJ, service courts are "required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally Toohey*, 63 M.J. at 362-63; *United States v. Ney,* 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo,* 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

---

[2] Appellant's offenses included three different female victims.

[3] The panel acquitted appellant of one specification of rape and one specification of assault consummated by battery.

[4] Appellant made no effort to demonstrate he was prejudiced by the delay under *Moreno*, 63 M.J. at 138, nor do we find the delay was "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system. *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

In conducting our review under Article 66(c), UCMJ, we determine that there has been unreasonable post-trial delay in appellant's case. To remedy this error, after consideration of the entire record, we reduce appellant's confinement by 90 days. To be clear, the sentence adjudged by the court-martial in this case was appropriate and adequately punished appellant for his violent offenses committed against three different victims. That is, the members adjudged a sentence that "best serve[d] the ends of good order and discipline, the needs of the accused, and the welfare of society." *See* Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 2-5-24 (10 Sep. 2014). In other words, only because of the two-year, dilatory post-trial processing of this case do we disturb an otherwise entirely appropriate sentence.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, we AFFIRM only so much of the sentence as provides for a dishonorable discharge and confinement for 3,559 days. All rights, privileges and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58(b) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court