# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant TODD D. SEWELL**
**United States Army, Appellant**

ARMY 20130460

Headquarters, III Corps and Fort Hood
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Linda Chavez, JA (on brief).

29 January 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

TOZZI, Senior Judge:

A general court-martial comprised of officer and enlisted members convicted appellant, contrary to his pleas, of six specifications of indecent acts, and one specification of assault with intent to commit rape, in violation of Article 120 and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (2006 & 2012) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the findings and sentence as adjudged and credited appellant with seventeen days of confinement.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error which merits discussion and relief. The matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate in this case and grant thirty days confinement credit.

## LAW AND DISCUSSION

The convening authority took action 575 days after the sentence was adjudged, at least 432 of which are attributable to the government. The record in this case consists of ten volumes, and the trial transcript is 1,028 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

It took 295 days to serve the record of trial on appellant's defense counsel in this case. The government provided no explanation for this delay. Assuming arguendo the government's assertion that 143 days are attributable to the defense in the post-trial processing of this case, a total of 432 days to process this case from sentence to convening authority action is simply too long. The unexplained delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find that relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement for eleven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. Consistent with the pretrial confinement credit awarded by the military judge, which was approved by the convening authority, appellant will also be credited with seventeen days against his sentence to confinement. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

2