# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ROBERT W. CUTSHAW**
**United States Army, Appellant**

ARMY 20130873

Headquarters, Third Army, United States Army Central
Edye Moran and Kirsten V. Brunson, Military Judges
Lieutenant Colonel Martin N. White, Acting Staff Judge Advocate (pretrial)
Colonel Brendan M. Donahoe, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Kevin Boyle, JA; Amy E. Nieman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

28 March 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of violating a lawful general regulation and three specifications of maltreatment of subordinates in violation of Articles 92 and 93, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and reduction to the grade of E-1.  The convening authority approved the findings and sentence as adjudged.[*]

---

[*] Pursuant to agreement between the parties in the stipulation of fact (Prosecution Exhibit 1), the military judge granted seven days confinement credit for violations of Article 13, UCMJ.  The confinement credit was rendered moot because appellant was not sentenced to confinement.

CUTSHAW—ARMY 20130873

This case is before us for review under Article 66, UCMJ. Appellant raises five assignments of error to this court, one of which warrants discussion but no relief.

## LAW AND DISCUSSION

The convening authority took action 354 days after the sentence was adjudged, and the record of trial did not arrive at this court until 428 days had elapsed. The record in this case consists of two volumes and the trial transcript is 205 pages. The government concedes it is attributable for at least 365 days of this total period. In a memorandum dated five weeks after action was taken, the staff judge advocate explained the delay was due to the removal from duties of an assigned court reporter and the limited availability of the convening authority. There was no explanation in the record, however, for the seventy-four days between action and the delivery of the record of trial to this court.

While we find no justifiable reason for the presumptively unreasonable delay, appellant is not entitled to relief in this case. Appellant concedes he suffered no prejudice and we, likewise, find no prejudice as a result of the delay. Absent any due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified delay. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

After reviewing the facts and circumstances of this case, we find the sentence as approved by the convening authority to be appropriate. Consequently, despite the government's failure to meet its obligation to provide timely post-trial processing of the record, relief is not warranted here.

## CONCLUSION

Upon consideration of the entire record, we find the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court

2