# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class KENNETH A. ELMORE**
**United States Army, Appellant**

ARMY 20140649

Headquarters, 19th Expeditionary Sustainment Command
Wendy P. Daknis and Mark A. Bridges, Military Judges
Major Mary N. Milne, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Maureen A. Kohn, Staff Judge Advocate (recommendation)
Lieutenant Colonel Jeremy W. Robinson, Staff Judge Advocate (addendum)

For Appellant:  Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA.

For Appellee:  Lieutenant Colonel A.G. Courie III, JA.

29 April 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of failure to obey a lawful order and one specification of sexual assault in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty-three months, and reduction to the grade of E-1.  The convening authority approved the findings and only so much of the sentence as provides for a bad-conduct discharge, confinement for thirteen months and twenty-five days, and reduction to the grade of E-1.[*]

This case is before us for review under Article 66, UCMJ.  Appellant's personal submission made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A 1982) merits discussion and relief.  Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case.  We agree that relief is

---

[*] Prior to action, the convening authority deferred appellant's automatic forfeitures until action, and waived automatic forfeitures for the benefit of appellant's minor child for a period of six months.

appropriate in this case and reduce the approved sentence to confinement by thirty days in our decretal paragraph.

## LAW AND DISCUSSION

The convening authority took action 357 days after the conclusion of appellant's court-martial. Of that delay, twenty-five days are attributable to the defense, and 332 days are attributable to the government. The record in this case consists of two volumes, and the trial transcript is 231 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

Appellant requested speedy post-trial processing prior to raising the same issue as a legal error in his Rule for Courts-Martial 1105 matters. The government took 185 days to transcribe the record of trial and to serve the record of trial on appellant's defense counsel, and another fifty-one days to serve the record of trial on the military judges for authentication. The convening authority, upon recommendation of the staff judge advocate, reduced appellant's sentence to confinement by five days in addition to the terms of the pretrial agreement as warranted by the delay in post-trial processing. Notwithstanding this, we find additional relief in this case is appropriate because the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for twelve months and twenty-five days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2