# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL C. DENNEHE**
**United States Army, Appellant**

ARMY 20140253

Headquarters, United States Army Alaska
Kurt J. Bohn, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate (pretrail)
Colonel Erik. L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Andres Vazquez, Jr., JA; Major Daniel E. Goldman, JA (on brief); Major Andres Vazquez, Jr., JA; Major Daniel E. Goldman, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Captain Scott L. Goble, JA; Captain Robyn M. Chatwood, JA (on brief).

23 June 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification of attempted receipt of child pornography, two specifications of sexual abuse of a child, and one specification of communicating indecent language to a child, in violation of Articles 80, 120b, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920b, 934 (2012) [hereinafter UCMJ]. The judge sentenced appellant to a dishonorable discharge, confinement for thirty months, and reduction to the grade of E-1. The convening authority, pursuant to a pretrial agreement, approved a dishonorable discharge, twelve months confinement, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one which merits discussion and relief.[*] Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial

---

[*] The assignment of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), is without merit.

processing of his case. We agree that relief is appropriate in this case and reduce the approved sentence to confinement by thirty days in our decretal paragraph.

## LAW AND DISCUSSION

The convening authority took action 278 days after the conclusion of appellant's court-martial. Of that delay 272 days are attributable to the government. The record in this case consists of a single volume, and the trial transcript is 112 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The appellant raised the issue of dilatory post-trial processing as legal error in his Rule for Courts-Martial 1105 matters. The SJA simply "disagreed" that the delay in processing was legal error without providing any explanation. The delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement for eleven months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court