# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**

**Specialist ADRIAN T. DOUGLAS**
**United States Army, Appellant**

ARMY 20140449

Headquarters, United States Army Alaska
Jeffrey D. Lippert, Military Judge (arraignment)
Kurt J. Bohn, Military Judge (trial)
Colonel Tyler J. Harder, Staff Judge Advocate (pretrial)
Colonel Erik L. Christiansen, Staff Judge Advocate (post-trial)


For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Major Christopher D. Coleman, JA; Captain Jennifer K. Beerman, JA (on brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Scott L. Goble, JA; Captain Linda Chavez, JA (on brief).


30 August 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of violating a lawful general regulation and one specification of sexual assault in violation of Articles 92 and 120 Uniform Code of Military Justice, 10 U.S.C. §§ 882 and 920 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1. The convening authority approved the findings and sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two allegations of error, one of which merits discussion and relief. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial

processing of his case. We agree relief is appropriate in this case and grant thirty days confinement credit.[1] The matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit.[2]

## LAW AND DISCUSSION

The convening authority took action 307 days after the sentence was adjudged, 285 of which are attributable to the government. It took forty-two days to forward the record of trial to the military judge for authentication. The record in this case consists of five volumes and the trial transcript is 355 pages. The government provided no explanation for this delay.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J.

---

[1] Appellant's other assignment of error asserts the convening authority failed to comply with Article 60(d)(1), UCMJ, by providing the victim, Ms. EB, an opportunity to submit matters for consideration prior to taking action. On 27 July 2016, we ordered government appellate counsel to obtain, no later than 19 August 2016, an affidavit from Ms. EB setting forth the matters she would have presented to the convening authority had she been provided that opportunity. Government counsel, with the assistance of a Special Victim Witness Liaison (Liaison), reached out to Ms. EB, who initially indicated a willingness to provide an affidavit. However, Ms. EB eventually stopped responding to messages and telephone calls from the Liaison. We, therefore, are compelled to act on this case as we foresee no different result from sending this case back for a new action by the convening authority premised on receipt of matters from Ms. EB that may never be forthcoming. We note that the convening authority, in taking action, was informed by appellant's Rule for Court-Martial 1105 matters that Ms. EB maintained communications with appellant even after reporting the sexual assault and apologized because the case "had gotten so out of hand." Hence, appellant took the opportunity to convey Ms. EB's words and actions after the sexual assault which arguably weighed in appellant's favor on the issue of clemency.

[2] Appellant's *Grostefon* matters included allegations that the military judge abused his discretion by admitting into evidence certain videos for which the government failed to lay a proper foundation, and that the military judge considered improper aggravation evidence during sentencing. After reviewing the entire record of trial, we have considered these issues and find no merit.

DOUGLAS—ARMY 20140449

353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We find relief from this court is appropriate as the unexplained delay could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we provide relief in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a bad-conduct discharge, eleven months confinement, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3