# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant TERRANCE T. JOHNSON**
**United States Army, Appellant**

ARMY 20140297

Headquarters, 1st Cavalry Division
Rebecca K. Connally, Military Judge
Colonel R. Tideman Penland Jr., Staff Judge Advocate (pretrial)
Colonel Alison C. Martin, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee: Lieutenant Colonel A.G. Courie, III, JA; Major Cormac M. Smith, JA; Captain Linda Chavez, JA (on brief).

19 December 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A panel of officer members convicted appellant, contrary to his pleas, of one specification of maltreatment of a subordinate and three specifications of abusive sexual contact, in violation of Articles 93 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 893 and 920 (2012) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and a reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant asserts two assignments of error, only one of which-dilatory post-trial processing-

warrants discussion and relief.[*] We have considered the six assignments of error personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit.

The convening authority took action 380 days after the sentence was adjudged in this case, at least 326 days of which we attribute to the government. Although appellant does not identify how the post-trial delay caused prejudice, and although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The record in this case consists of 8 volumes and the trial transcript is 1001 pages. The staff judge advocate's recommendation (SJAR) was completed on 17 December 2014 and served on appellant *ninety-three days later*, on 20 March 2015. The government provides no explanation for the overall delay in post-trial processing or the delay in serving the SJAR. The staff judge advocate did not address either of these delays in her addendum to the SJAR. Under the circumstances of this case, we find the delay in post-trial processing unreasonable. Relief in this case is appropriate, as the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Accordingly, we provide relief in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. We affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for eleven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the

---

[*] In the other assignment of error, appellant, relying upon the Supreme Court's decision in *Elonis v. United States*, 135 S. Ct. 2001 (2015), asserts the military judge committed plain error when she instructed the panel using a negligence standard for maltreatment of a subordinate. We find the holding in *Elonis* inapplicable to the offense of maltreatment. *See United States v. Chance*, ARMY 20140072, 2016 CCA LEXIS 241 (Army Ct. Crim. App. 18 Apr. 2016) (mem. op.).

findings and sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court