# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Warrant Officer One JEFFREY N. BRAVO**
**United States Army, Appellant**

ARMY 20140318

Headquarters, Eighth Army
Wendy P. Daknis, Military Judge
Colonel Marian Amrein, Staff Judge Advocate (pretrial)
Colonel Craig A. Meredith, Staff Judge Advocate (post-trial)

For Appellant:  Captain Amanda R. McNeil Williams, JA; Mr. James Trieschmann, Esquire (on brief); Captain Timothy G. Burroughs, JA; Mr. James Trieschmann, Esquire (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Tara O'Brien Goble, JA (on brief).

9 February 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of making a false official statement, one specification of sexual assault, one specification of fraternization, and one specification of adultery, in violation of Articles 107, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920, 934 (2012) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge and confinement for two years.  The convening authority approved the sentence as adjudged.[*]

This case is before us for review under Article 66, UCMJ.  Appellate defense counsel assigns four errors to this court, and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  After due consideration, we find one assigned error warrants discussion and relief; the matters raised under *Grostefon* are without merit.

---

[*] Prior to action, the convening authority deferred appellant's automatic forfeitures for a period of four months effective 8 May 2014.

## LAW AND DISCUSSION

The convening authority took action 372 days after the sentence was adjudged; 345 days are attributable to the government. The record in this case consists of five volumes, and the trial transcript is 690 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The government took 207 days to transcribe the record of trial and serve it on appellant's defense counsel for authentication; the military judge received the record of trial for authentication 266 days after the sentence was adjudged. Appellant requested speedy post-trial processing on two occasions, first at 120 days and again at 285 days. Additionally, appellant alleged the delay constituted legal error in his post-trial submission pursuant to Rules for Courts-Martial 1105 and 1106. The government provided no explanation in its post-trial submissions for the delay, and the convening authority approved the sentence as adjudged per the recommendation of the staff judge advocate. Under the circumstances, we find relief in this case is appropriate because the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of the military justice system . . . ." *Ney*, 68 M.J. at 617.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a dishonorable discharge and confinement for twenty-three months. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the sentence are ordered restored. *See* UCMJ arts. 58b(c), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court