# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ERIC M. MILES**
**United States Army, Appellant**

ARMY 20150415

Headquarters, U.S. Army Support Activity, Fort Dix
Gregory R. Bockin, Military Judge
Lieutenant Colonel Ismael Sanabria, Jr., Staff Judge Advocate (trial)
Lieutenant Colonel Dolly R. Livingston, Staff Judge Advocate
(new recommendation and action)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief and supplemental brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief); Lieutenant Colonel A.G. Courie, III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on supplemental brief).

19 April 2017

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

HERRING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of maltreatment and one specification of abusive sexual contact, in violation of Articles 93 and 120, Uniform Code of Military Justice, 10 U.S.C. § 893, 920 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances and reduction to the grade of E-1.

MILES—ARMY 20150415

This case is before us pursuant to Article 66, UCMJ. Appellant assigned two errors, one of which merits discussion and relief. Additionally, we have reviewed appellant's matters personally asserted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit.

## LAW AND ANALYSIS

The convening authority took action 651 days after the conclusion of appellant's court-martial. As the government correctly states in its brief, "[t]he majority of the processing time was because of an error on the part of the trial level Office of the Staff Judge Advocate when drafting the recommendations to the convening authority" (Gov't Br. 14), which resulted in this court returning the case for a new staff judge advocate recommendation and action. *United States v. Miles*, ARMY 20150415, 2017 CCA LEXIS 23 (Army Ct. Crim. App. 17 Jan. 2017). Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of the military justice system." *Ney*, 68 M.J. at 617. This is particularly true where the vast majority of the dilatory processing time was due to government error. Thus, we find relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for eleven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge CAMPANELLA and Judge PENLAND concur.

2



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court